UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER BERNEGGER,

        Plaintiff,

v.

        Case: 1:26-cv-00106
        Assigned To : Mehta, Amit P.
        Assign. Date : 1/14/2026
        Description: Pro Se Gen Civ. (F-DECK)

FEDERAL ELECTION COMMISSION,

        Defendant.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

(52 U.S.C. § 30109(a)(8))

Plaintiff Peter Bernegger alleges as follows:

I. NATURE OF THE ACTION

1. This is an action for judicial review under the Federal Election Campaign Act of 1971, as amended (FECA), 52 U.S.C. § 30109(a)(8), seeking declaratory and injunctive relief compelling the Federal Election Commission (FEC or Commission) to conform its actions to law.

2. In December 2025, Plaintiff filed a sworn administrative complaint with the FEC alleging that Friends of John Thune (Committee ID C00409581), its candidate John Thune, and its treasurer Nicole Weyers engaged in and or facilitated structured, high-

RECEIVED
JAN 14 2026      1
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

frequency, and multi-same-day contribution patterns consistent with contributions in the name of another, false reporting, and related FECA violations. Exhibit 1.

3. On or about January 2, 2026, the FEC sent Plaintiff an email stating that it was not going to process Plaintiff's administrative complaint concerning Friends of John Thune.

4. The Commission's refusal to process and docket Plaintiff's complaint constitutes a dismissal and or a failure to act contrary to law under 52 U.S.C. § 30109(a)(8).

II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 52 U.S.C. § 30109(a)(8) and 28 U.S.C. § 1331.

6. Venue lies in this District under 52 U.S.C. § 30109(a)(8)(A).

7. Plaintiff files this action within 60 days after the Commission's January 2, 2026 refusal to process Plaintiff's administrative complaint, which constitutes a dismissal for purposes of FECA judicial review. See 52 U.S.C. § 30109(a)(8)(A).

III. PARTIES

8. Plaintiff Peter Bernegger is a United States citizen, elector, voter, and participant in the political process who relies on accurate and complete federal campaign finance disclosures to evaluate candidates, committees, and political fundraising practices.

2

9. Defendant Federal Election Commission is an independent agency of the United States government headquartered in Washington, D.C., charged with administering, interpreting, and civilly enforcing FECA.

10. Interested parties in the underlying administrative proceeding include: (a) Friends of John Thune (C00409581); (b) John Thune, as the authorizing candidate; and (c) Nicole Weyers, as Treasurer of Friends of John Thune and the person responsible for the committee's receipt, deposit, and reporting of contributions and certification of reports under penalty of perjury.

11. Plaintiff will serve a copy of this Complaint and any other required notice on the interested parties identified above.

IV. STATUTORY BACKGROUND

12. FECA allows any person who believes a violation has occurred to file an administrative complaint with the Commission. 52 U.S.C. § 30109(a)(1).

13. The Commission's regulations require, among other things, that an administrative complaint set forth a clear and concise statement of facts and be sworn. 11 C.F.R. § 111.4.

14. If the Commission dismisses an administrative complaint or fails to act on it during the applicable statutory period, FECA provides a cause of action for judicial review in the United States District Court for the District of Columbia. 52 U.S.C. § 30109(a)(8).

15. If the Court declares that a dismissal or failure to act is contrary to law, the Court shall remand the matter to the Commission and order the Commission to conform with the declaration within 30 days. 52 U.S.C. § 30109(a)(8)(C).

V. FACTUAL ALLEGATIONS

16. Plaintiff's December 2025 administrative complaint concerns Friends of John Thune (C00409581) and is supported by compiled contribution data and summary statistics identifying high-frequency contributor identities and multi-same-day contribution bursts (Exhibit 1 and attached exhibits).

17. The administrative complaint and supporting materials identify 714 contributor identities flagged for anomalous patterns, involving 3,996 flagged transactions totaling approximately $1,148,902 during the analyzed period.

18. The supporting donor table reflects repeated multi-same-day contribution bursts, including donors making 17 or more contributions on a single date, and repeated clustering of donations on numerous distinct dates for the same contributor identity.

19. Plaintiff's administrative complaint alleges that these patterns, viewed in combination with the committee's legal obligations to obtain and report truthful contributor information, provide reason to believe that the committee accepted and reported prohibited contributions in the name of another and filed inaccurate reports, among other violations. (Exhibit 1).

20. On or about January 2, 2026, the Commission notified Plaintiff by email that it was not going to process Plaintiff's administrative complaint concerning Friends of John Thune.

21. By refusing to process, docket, and proceed on the administrative complaint, the Commission effectively foreclosed the statutory enforcement process Congress created in 52 U.S.C. § 30109.

VI. CLAIM FOR RELIEF

COUNT I

(Dismissal and or Failure to Act Contrary to Law) (52 U.S.C. § 30109(a)(8))

22. Plaintiff incorporates by reference paragraphs 1 through 21.

23. Plaintiff filed a sworn administrative complaint alleging facts that establish reason to believe violations of FECA occurred, including but not limited to: (a) contributions in the name of another, 52 U.S.C. § 30122; and (b) materially false, misleading, and or incomplete reporting, 52 U.S.C. §§ 30102 and 30104, and implementing regulations. (Exhibit 1).

24. FECA requires the Commission to receive and process administrative complaints and to act in accordance with the enforcement framework Congress enacted in 52 U.S.C. § 30109.

25. The Commission's refusal to process Plaintiff's complaint, communicated on or about January 2, 2026, constitutes a dismissal and or failure to act within the meaning of 52 U.S.C. § 30109(a)(8)(A).

26. The Commission's dismissal and or failure to act is contrary to law because it is inconsistent with the Commission's mandatory statutory duties under FECA and deprives Plaintiff of the enforcement process and judicially reviewable disposition Congress provided.

27. Plaintiff is entitled to (a) a declaration that the Commission's action is contrary to law, and (b) an order remanding the matter to the Commission and directing it to conform within 30 days as required by 52 U.S.C. § 30109(a)(8)(C).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that the Federal Election Commission's refusal to process Plaintiff's December 2025 administrative complaint concerning Friends of John Thune (C00409581) constitutes a dismissal and or failure to act that is contrary to law under 52 U.S.C. § 30109(a)(8);

B. Remand this matter to the Commission and order the Commission to conform with the Court's declaration within 30 days, including by docketing and processing Plaintiff's administrative complaint consistent with FECA and the Commission's regulations;

C. Award Plaintiff his costs, and where permitted, reasonable fees; and

D. Grant such other and further relief as the Court deems just and proper.

## VIII. NOTICE TO INTERESTED PARTIES

28. Plaintiff will provide notice of this action to the respondents named in the underlying administrative complaint, including Friends of John Thune (C00409581), John Thune, and Treasurer Nicole Weyers, in the manner required by FECA and the Federal Rules of Civil Procedure.

Respectfully submitted,                                    Dated January 11, 2026

*[signature]*

Peter Bernegger
Plaintiff
1806 Brynnwood Trace
New London, WI 54961
920-551-0510 pmbmap123@gmail.com

7