**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **PETER BERNEGGER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FEDERAL ELECTION COMMITTEE,**<br><br>**Defendant.** | ) | **Case No. 26-cv-00106 (APM)** |

# MEMORANDUM OPINION

Plaintiff Peter Bernegger, proceeding pro se, moves for entry of a default judgment against the Defendant Federal Election Commission (FEC), which has failed to appear in this matter. *See* Pl.'s Mot. for Default J., ECF No. 12 [hereinafter Pl.'s Mot.].[1] A default judgment may be entered against an agency of the United States only "if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Plaintiff has failed to do so.

Plaintiff's suit arises from a citizen's complaint that he filed with Defendant Federal Election Committee (FEC) in December 2025 against Senator John Thune; his campaign committee, Friends of John Thune; and Nicole Weyers, the committee's Treasurer. Am. Compl., ECF No. 5 [hereinafter Am. Compl.], ¶ 12. On December 31, 2025, the FEC advised Plaintiff by email that the Commission could not process his complaint because it was not notarized. *Id.* ¶ 18; Pl.'s Mot., Decl. of Peter Bernegger, ECF No. 12-1 [hereinafter Bernegger Decl.], ¶ 7; Bernegger Decl., Ex. D, ECF No. 12-2 [hereinafter Dec. 31 Email], at 17 (CM/ECF pagination). The agency took no further action on the complaint. Bernegger Decl. ¶ 9. Plaintiff then filed this suit in

[1] The Clerk of Court entered a default on April 29, 2026. *See* ECF No. 11.

January 2026, alleging that the FEC either had improperly dismissed his complaint or failed to act on it as required by law. *See* Compl., ECF No. 1, ¶¶ 23–27; Am. Compl. ¶¶ 27–32.

Plaintiff has not, however, shown that the FEC's inaction was improper. The Federal Election Campaign Act (FECA) establishes a private of right of action for "[a]ny party aggrieved" by the FEC's dismissal of a "complaint filed . . . under paragraph (1), or by a failure of the Commission to act on such complaint" within 120 days of its filing. 52 U.S.C. § 30109(a)(8)(A). A complaint filed under "paragraph (1)," *id.*, must be "in writing, signed and sworn to by the person filing such complaint, *shall be notarized*, and shall be made under penalty of perjury . . . ." *Id.* § 30109(a)(1) (emphasis added); *see also* 11 C.F.R. § 111.4(b)(2). If a complaint fails to conform to these requirements, the FEC is required to notify the complainant "that no action shall be taken on the basis of that complaint." 11 C.F.R. § 111.5(b).

That is precisely what occurred here. Plaintiff's complaint did not comply with the statutory and regulatory requirement that it be notarized. *See* Dec. 31 Email. The FEC notified Plaintiff of that defect and advised that "[w]e can not process complaints that have not been notarized." *Id.* The agency suggested that Plaintiff "resend a notarized version." *Id.* He apparently did not do so. *See* Bernegger Decl. ¶¶ 7–9. Plaintiff nevertheless maintains that the FEC was wrong not to act on his complaint because he "executed [it] under penalty of perjury." *Id.* ¶ 8. Perhaps so, but the sworn attestation must occur "in the presence of a notary public and shall be notarized." 11 C.F.R. § 111.4(b)(2). Plaintiff's complaint did not conform to this

requirement.[2] Accordingly, the non-processing of his complaint did not violate FECA, and Plaintiff therefore is not entitled to entry of default judgment.

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 12, is hereby denied. The court also will dismiss this action without prejudice because, having filed a legally nonconforming complaint with the FEC, Plaintiff will not be able to cure his motion through additional evidence.

Dated: November 17, 2026

Amit P. Mehta
United States District Judge

[2] The court notes that Plaintiff has attached to his motion what appears to be a notarized complaint different than the one he filed in December 2025. *See* Bernegger Decl., Ex. E, at 18–32. That complaint names Senator Thune, Friends of John Thune, and four other Thune-related entities, but not Nicole Weyers. *See id.* at 18. The complaint is dated July 30, 2025, *see id.* at 32, and appears to have been received by the FEC's Office of General Counsel on July 31, 2025, *see id.* at 18. Because this complaint does not match the one alleged in his pleading, *see* Am. Compl. ¶ 12, the court does not consider it.